IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD J. BORACCHIA, et al.,

    Plaintiffs,

v.

BIOMET, INC.,

    Defendant

                                           /

No. C-07-0650 MMC

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; VACATING MAY 14, 2010 HEARING**

Before the Court is the Motion for Leave to File First Amended Complaint, filed April 6, 2010 and amended April 8, 2010 by plaintiffs Edward J. Boracchia and Boracchia & Associates. Defendant Biomet, Inc. has filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for May 14, 2010, and rules as follows:

1. To the extent the motion seeks leave to amend the First Cause of Action to allege that the 1979 agreement was terminated in 1995, rather than in 2006 as the initial complaint alleges, the motion is hereby DENIED. As plaintiffs acknowledge, in light of the Ninth Circuit's October 2009 decision, "the law of the case is that the [1979] Agreement terminated in 1995" (see Pls.' Mot. at 3:12-15), and such finding remains the law of the

case whether or not plaintiffs are granted leave to amend to expressly allege such finding.[1] Under such circumstances, granting leave to amend the First Cause of Action would "put nothing in issue that [has] not already been resolved." Cf. Kasey v. Molybdenum Corp., 467 F.2d 1284, 1285 (9th Cir.) (holding "amendments should not be allowed merely to permit . . . reassertion of a claim previously determined"), cert. denied, 409 U.S. 1063 (1972).

       2. To the extent the motion seeks leave to amend the Second Cause of Action to allege the asserted violation of the Independent Wholesale Sales Representatives Contractual Relations Act ("the Act") "did not accrue until 2007" (see Pls.' Mot. at 3:20-21), the motion is hereby DENIED. As explained in plaintiffs' motion and reply, plaintiffs' proposed amendment is based on the theory that, under a proper reading of the Act, the violation occurred in 2007, not in 1995. By order filed February 25, 2008, the Honorable Wm. Fremming Nielsen found such claim accrued in 1995 and, consequently, was barred by the applicable four-year statute of limitations. The Ninth Circuit, in its 2009 decision, affirmed Judge Nielsen's finding. Plaintiffs cannot avoid the Ninth Circuit's affirmance of Judge Nielsen's finding by raising for the first time legal theories or arguments that could have been, but were not, raised before the Second Cause of Action was "fully litigated on the merits through appeal." See In re: Beverly Hills Bancorp, 752 F.2d 1334, 1336 (9th Cir. 1984) (holding, where Ninth Circuit rejected plaintiff's proposed interpretation of language in contract, plaintiff was not entitled on remand to amend to allege contract was subject to reformation; stating "[p]ermitting amendment [to assert new theory on remand] would encourage seriatim judgments in the same basic dispute, as a plaintiff continues to put forth new theories of recovery").

//

---

[1] In their opposition, defendant asserts that plaintiffs are seeking leave to add new factual allegations to support the First Cause of Action, specifically, allegations that defendant imposed "unreasonable quotas" and failed to provide "stock options" to plaintiffs. (See Def.'s Opp. at 6:12-14.) Although such allegations are included in the proposed amended complaint, they are also contained in the initial complaint (see Compl. ¶¶ 15-17, 19, 21-22), and, consequently, are not new.

2

3. To the extent the motion seeks leave to amend to delete the Third Cause of Action in light of the Ninth Circuit's affirmance of Judge Nielsen's finding that such cause of action is barred by the applicable statute of limitations, the motion is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: May 11, 2010

MAXINE M. CHESNEY
United States District Judge